UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON PARKER, | 3:12-cv-00126-RCJ-VPC |
| Plaintiff, | |
| v. | **MINUTES OF THE COURT** |
| BANK OF AMERICA *et al.*, | August 8, 2012 |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN    REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

Defendants filed a motion to stay discovery and request for expedited consideration on shortened time (#s 25 & 26). This Court granted the request for expedited relief and ordered an expedited briefing schedule (#27). Plaintiff opposed the motion to stay discovery (#s 28 & 29) and defendants replied (#31).

On June 25, 2012, the District Court held oral argument on defendants' motion to dismiss and advised the parties it intended to deny the motion (#23). On August 3, 2012, the District Court issued its written order granting in part and denying in part defendants' motion to dismiss (#30). Two claims for relief remain: breach of contract and breach of the implied covenant of good faith and fair dealing. *Id.*

During the period between oral argument and issuance of the written order on the motion to dismiss, the parties held a discovery conference and plaintiff propounded three sets of requests for production of documents, which total 204 requests (#25). On July 27, 2012, defendants filed a motion for summary judgment on the two claims that survived the motion to dismiss (#24), and defendants contemporaneously filed the motion to stay discovery (#25) until the District Court decides the newly filed dispositive motion.

Defendants have made a strong showing that plaintiff will be unable to defeat their pending motion for summary judgment. *See Tradebay, LLC v. EBAY, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). In response, plaintiff has failed to show how the outstanding discovery relates to the issues raised in defendants' motion for summary judgment. Alternatively, if plaintiff believed particular


discovery was integral to defeat summary judgment, plaintiff could have filed a motion supported by an affidavit or declaration explaining why a ruling on the motion for summary judgment should be postponed. *See* Fed.R.Civ.P. 56(d). The Court rejects the notion that a stay of discovery automatically precludes plaintiff from filing a Rule 56(d) motion, but in any event, plaintiff has failed to do so.

Based upon the foregoing, and for good cause appearing,

**IT IS ORDERED** that defendants' motion to stay discovery (#25) is **GRANTED**.

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk